STATE v. TEXAS & P. RY. CO. (No. 7243.)

(Court of Civil Appeals of Texas. Dallas. Jan. 30, 1915. Rehearing Denied Feb. 27, 1915.)

RAILROADS  226—ACCOMMODATIONS AT STATIONS—"DEPOT."

Rev. St. 1911, art. 6592, requiring railroad companies to construct and maintain separate water-closets or privies at each passenger station, either within its passenger depot or in connection therewith, or within a reasonable distance therefrom, applies only to stations where a building is erected for the protection and accommodation of passengers and freight, and does not apply to a place where trains stop for passengers, but where no building of any kind for passengers or freight is maintained, though a merchant near such stopping place was authorized to sell tickets, as a "depot," in the usual and recognized meaning of the word which the Legislature must have intended, is a building for the accommodation and protection of passengers and freight.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 740; Dec. Dig.  226.

For other definitions, see Words and Phrases, First and Second Series, Depot.]

Appeal from District Court, Wood County; R. W. Simpson, Judge.

Action for statutory penalties by the State against the Texas & Pacific Railway Company. From a judgment for defendant, the State appeals. Affirmed.

D. M. Maynor, of Quitman, for the State. Jones & Jones, of Mineola, and Young & Stinchcomb, of Longview, for appellee.

RAINEY, C. J. This is a suit by the state of Texas against the Texas & Pacific Railway Company to recover penalties for the failure to erect water-closets or privies at Crow, a station on appellee's line in Wood county, as prescribed by articles 6592, 6593, R. S. 1911. Appellee answered by general denial, and specially denied that it maintained any depot, ticket office, or stock pen at Crow, and it was not its duty to do so. A verdict after hearing was directed for the railway company, and judgment entered accordingly, from which the state appeals.

The evidence shows that Crow is a station on the Texas & Pacific Railway Company's line, situated between Hawkins and Mineola, where the company maintains a depot for the transaction of business. Crow has a population of about 50. It has two mercantile stores, a blacksmith shop, and about 11 families live within one-half mile of the railroad station. There is no freight or passenger depot building maintained there for receiving or storing freight, nor for the accommodation of passengers. A platform, consisting of plank laid upon the ground, 8 feet and 3 inches wide and 70 feet long, is placed near the track for passengers to alight from and get on the cars, with no shed or covering to this platform. There was also a freight platform by the track, which was 4 feet high, 16 feet wide, and 31 feet

long. There are two daily trains, one each way, that regularly stop for passengers at Crow. Mr. Greer, who sells tickets and checks baggage, is doing a mercantile business there, and is postmaster at Crow. His business house is 76 feet from the track, off the right of way. Over the front door he placed a sign, "Railroad Ticket Office."

About 12 months before the trial of this case the railway company had no agent at Crow, and Mr. Greer applied to it for permission to sell tickets over the road, which was granted, and he was furnished tickets, which he kept in his storehouse, where the post office was also kept, and for selling tickets he was allowed a commission, which amounted on an average to $10 per month; the sales amounting to about $100 per month. The road did not have any interest in the building, nor did it furnish any place for selling the tickets, nor any accommodation in the building for outgoing or incoming passengers. Greer procured the right to sell tickets for the purpose of drawing trade for his mercantile business. Crow was a prepaid station for freight, and Greer handled none except his own, or in particular instances for accommodation when he was requested by parties to look after it. The railway company furnished him with blank bills of lading, but he was not authorized to sign them, but would furnish parties with one who wished to fill them out and get them signed at the next station. Greer owned two privies, one about 300 feet from his store, and the other in his residence near his store, which parties were permitted to use when he was called on. About 90 per cent. of the ladies waiting for the train went to his house to call on his wife.

Crow was first established as a station for the accommodation of a sawmill that was operated there. A spur track was built connecting at the east end with the main track. The timber had been sawed up and the mill moved away. A stock pen was built there by an individual for his own use, and he controls it. The railway company owned no interest therein, and assumed no control thereof, nor did it assist in its construction, nor in its maintenance.

The appellant complains of the trial court for instructing the jury to find a verdict in favor of appellee, because the preponderance of the evidence showed that the state was entitled to recover. Whether or not this contention is correct depends upon the proper construction of article 6592, R. S. 1911. This article has been held to be constitutional by our appellate courts, since the objectionable feature which caused the former law on this subject to be held by the Supreme Court, unconstitutional in Railway Co. v. State, 100 Tex. 420, 100 S. W. 766, has been eliminated.

Then the first question to be answered is: Where does the statute require water-closets

or privies to be constructed and maintained? The answer is:

"At each passenger station on its line of railway, either within its passenger depot or in connection therewith, or within a reasonable and convenient distance therefrom," etc. Article 6592, R. S. 1911.

This evidently contemplates that a water-closet or privy should be constructed and maintained at every *depot*, where there is a building erected for the protection and accommodation of passengers and freight. The meaning of the word "depot," as defined by lexicographers and judicial tribunals, is a building for the accommodation and protection of passengers and freight. This is the usual and recognized meaning to be given the word "depot," and we must conclude the Legislature, in framing the law, intended it in that sense. State v. Railway Co., 154 S. W. 331. The railway company had no such building at its station Crow, and until it has erected some kind of structure for the use of passengers and freight we feel constrained to hold that appellee was not liable for a penalty in not constructing such water-closets or privies.

The judgment is affirmed.